IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT MAXIMILLIAN O'HARA, JENNIFER REPPEL TOUPS, and JOSHUA HERMANN REPPEL,<br><br>*Plaintiffs,*<br><br>v.<br><br>ACE PROPERTY AND CASUALTY INSURANCE COMPANY, BXT, INC., GEICO CASUALTY COMPANY and CASSANDRA ARNOLD<br><br>*Defendants.* | CIVIL ACTION NO.<br><br>[Removed from the 9th Judicial District Court of Rapides Parish, Louisiana]<br><br>**JURY DEMANDED** |

## NOTICE OF REMOVAL

COMES NOW Defendant, ACE Property and Casualty Insurance Company (now known as "Chubb Insurance"), by and through undersigned counsel, and hereby removes the action, Docket No. 273-740 filed by Plaintiffs, Robert Maximillian O'Hara, Jennifer Reppel Toups, and Joshua Hermann Reppel ("Plaintiffs"), against Defendant in the 9th Judicial District Court of Rapides Parish, Louisiana, to the United States District Court for the Western District of Louisiana, under 28 U.S.C. § 1332 for the reasons explained below.

### FACTUAL AND LEGAL BASES FOR REMOVAL

1. The bases for removal of this action are that the parties are diverse in their respective citizenships and the amount in controversy exceeds the $75,000 minimum amount for the Court to exercise its diversity jurisdiction.

2. 28 U.S.C. § 1441 provides that "any civil action, brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant

or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

3. 28 U.S.C. § 1332 provides that "district courts shall have original jurisdiction of all actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States . . . ."

4. Venue for removal is proper in this District pursuant to 28 U.S.C. § 1446(a).

## DIVERSITY OF CITIZENSHIP

5. Defendant attaches as Exhibit "A" a complete copy of the State Court Record (as of July 11, 2022).

6. On May 26, 2022, Robert Maximillian O'Hara, Jennifer Reppel Toups, and Joshua Hermann Reppel ("Plaintiffs") commenced the captioned action by filing a Petition for Damages (the "Petition") in the 9th Judicial District Court for the Parish of Rapides, State of Louisiana. Plaintiffs named as defendants in the State Court Action: (a) ACE Property and Casualty Insurance Company (hereinafter referred to as "Chubb Insurance"); (b) BXT, Inc.; and (c) Cassandra Arnold.

7. Plaintiffs requested service on all three defendants.

8. Chubb Insurance was served on June 14, 2022 and Cassandra Arnold was served on June 13, 2022.

9. According to the State Court Record, BXT, Inc. has not been served to date. Since BXT, Inc. has not been served, its consent is not necessary for this removal.[1]  However, undersigned counsel has been retained to represent BXT, Inc. and BXT, Inc. will consent to removal upon receipt of service of the Petition.

---

[1] 28 U.S.C. § 1446 (b)(2)(A).

10. The Petition establishes that at the time of the filing Plaintiffs were citizens of Louisiana. (Exhibit "A", Petition, introductory paragraph).

11. In the Petition, Plaintiffs correctly allege that Cassandra Arnold is a resident and citizen of Georgia. (Exhibit "A", Petition, ¶ IV).

12. Chubb Insurance, formerly known as ACE American Insurance Company, issued a policy of liability insurance pursuant to which BXT, Inc. is an insured.

13. Chubb Insurance is a Pennsylvania insurance company having a principal place of business in Pennsylvania. Therefore, Chubb Insurance is a citizen of Pennsylvania for purposes of assessing federal diversity of citizenship.

14. Upon information and belief, at the time of filing of the Petition and now, BXT, Inc. was and is an Illinois corporation with its principal place of business in Illinois. As such, BXT, Inc. is not a citizen of the State of Louisiana and is diverse in citizenship with Plaintiffs.

15. Complete diversity of citizenship existed between Plaintiffs and Defendants on the date of filing of this lawsuit, and exists as of the date of this removal. Plaintiffs are citizens of Louisiana (Petition, Introductory paragraph). As set forth above, none of the Defendants are citizens of Louisiana for diversity purposes.

## THE CLAIMS PRESENTED

16. Plaintiffs bring this lawsuit alleging the death of Maximillian Reppel was a result of the accident between his vehicle and that of Cassandra Arnold.

17. In their Petition, Plaintiffs allege that on June 25, 2021, Maximillian Reppel was driving southbound on I-49 when a vehicle owned by BXT, Inc. and operated by Cassandra Arnold was parked on the shoulder in Rapides Parish, State of Louisiana. (Petition, ¶ I).

18. Cassandra Arnold was acting in the course and scope of her employment with BXT, Inc. (Petition, ¶ II).

19. In the alternative, Cassandra Arnold was operating the vehicle owned by BXT, Inc. with the permission and consent of BXT, Inc. (Petition ¶ IV).

20. Plaintiffs allege that Cassandra Arnold was illegally parked on the shoulder of I-49. (Petition ¶ I).

21. Plaintiffs allege that Chubb Insurance provided a policy of insurance which provided coverage to Cassandra Arnold and/or the vehicle she was operating owned by BXT, Inc. (Petition ¶ V).

22. Plaintiffs assert claims against Cassandra Arnold for (1) illegal parking; (2) negligently leaving vehicle in an unsafe and hazardous manner; (3) careless operation of a motor vehicle; (4) failure to maintain proper control of her vehicle; (5) failure to see that which she should have seen; (6) inattentiveness; (7) failure to maintain a proper lookout; (8) failure to exercise her last chance to avoid the accident; and (9) other acts of negligence which may be proven at the trial of this matter. (Petition ¶ VI).

23. Plaintiffs assert claims against BXT, Inc. for (1) negligent entrustment of a vehicle; (2) failure to adequately maintain vehicles, its parts and appurtenances; (3) failure to warn of or remedy defects and/or malfunctions affecting vehicle; (4) failure to adequately inspect vehicle; (5) failure to adequately train, instruct, supervise, oversee, examine, certify, recertify, discipline or control driver-employee; (6) negligent hiring and retention; (7) failure to implement and/or adhere to adequate safety policies and procedures; (8) Cassandra Arnold was on a mission for BXT, Inc. at the time of the accident; and (9) other acts of negligence which may be proven at the trial of this matter. (Petition ¶ VII).

24. Plaintiffs further allege that BXT, Inc. is liable for the actions of its employee through the doctrine of *respondeat superior*. (Petition ¶ VIII).

25. In their Petition, Plaintiffs assert a survival action to recover damages, including: (1) the physical and mental pain and suffering of their father, her husband, Maximillian Reppel, which resulted from the accident until his death; and (2) the medical and funeral expenses of Maximillian Reppel resulting from the injury and death. (Petition ¶ IX).

26. Plaintiffs further assert a wrongful death action to recover damages, including: (1) loss of love and affection of their father; (2) loss of society, companionship and fidelity of their father; (3) loss of past and future performance of material services; (4) loss of past and future financial support; (5) loss of past and future aid and assistance; and (6 all other losses set out in applicable survival and wrongful death statutes as if plead herein. (Petition ¶ IX).

27. Plaintiffs' Petition does not indicate any monetary amount sought, nor does it indicate whether the Plaintiffs seek damages above or below the $75,000 amount in dispute required for federal court jurisdiction. The Petition does not otherwise present claims in which it is "facially apparent" that the claims are likely to exceed $75,000.

28. By letter dated March 30, 2022, Plaintiffs sent a settlement demand seeking a total of $1,500,000" (**Exhibit "B"**).

## REMOVAL TIMELINESS

29. 28 U.S.C. § 1446(b) governs the timeliness of removal. It provides that removal be filed within thirty days after receipt of the initial pleadings, assuming the initial pleadings meet the "facially apparent" test.

30. The initial pleading herein is the Petition for Damages ("Petition") filed by Plaintiffs, which initial pleading makes it "facially apparent" that the case is removable pursuant to 28 U.S.C. §1441(b)(2).

31. On June 14, 2022, Defendant, Chubb Insurance was served with a copy of the Petition.

32. This removal is being filed within thirty days of the June 14, 2022 service on Chubb Insurance of the Petition.

## AMOUNT IN CONTROVERSY BURDEN OF PROOF

33. Where the amount of damages is not stated with specificity, the removing defendant is required to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

34. "The removing party can satisfy this burden in two ways: (1) it must establish that it is 'facially apparent' from the complaint that the claims likely exceed $75,000, or (2) it must present 'summary judgment-type' evidence through the removal petition or accompanying affidavit, showing the amount in controversy is met." *Lafayette City-Parish Consol. Gov't v. Chain Elec. Co.*, 2011 U.S. Dist. LEXIS 110182, *17 (W.D. La. Sept. 22, 2011) (citing *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); and, *Allen*, *supra,* 63 F.3d at 1335 (5th Cir. 1995)).

35. Courts have held that Defendant's conclusory damage allegations are not sufficient to establish whether the requisite amount is present. See, *De Aguilar II,* 47 F.3d 1404, 1412 (5th Cir. 1995). Rather, the "summary-judgment" type evidence addressed in paragraph 34 above is required.

36. It is not facially apparent from the Petition that the claims likely exceed $75,000, and thus, Defendant relies upon prong two of the requisite burden of proof.[2]

37. Article 893(A)(1) of the Louisiana Civil Code of Procedure precludes a Plaintiff from stating a specific monetary amount of damages sought. Nonetheless, the article states that "if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages . . . a general allegation that the claim exceeds or is less than the requisite is required."

38. While Plaintiffs did not, per Article 893(A)(1), expressly plead whether the amount of money damages sought exceeds or is less than the requisite amount, by letter dated March 30, 2022, Plaintiffs presented a settlement demand totaling $1,500,000. (**Exhibit "B"**).

39. 28 U.S.C. § 1446(b) provides, "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant … of a copy of an amended pleading, motion or other paper from which it may be first ascertained that the case is one which is or has become removable".

40. It is well established that a settlement demand constitutes "other paper" under 28 U.S.C. § 1446. *See Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759 (5th Cir. 2000).

41. As shown above, Defendant received a pre-suit settlement demand aka "other paper" from Plaintiffs on March 30, 2022. Though the Petition itself is silent as to the amount in controversy, the alleged injuries and damages in the Petition as well as the March 30, 2022 settlement demand from Plaintiffs proves that the jurisdictional amount has been satisfied.

---

[2] *See Dunomes v. Trinity Marine Products, Inc.,* No. 14-1968, 2014 WL 7240158, at *4 (E.D.La. Dec. 19, 2014), quoting from *Broadway v. Wal-Mart Stores,* No. 00-1893, 2000 WL 1560167, at *2 (E.D.La. Oct. 18, 2000) "When…the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000.'"

42. Plaintiffs have not entered binding stipulations limiting any award which might be made, nor have they provided affidavits waiving any recovery above any ceiling. Thus, they have not taken the steps to irrevocably limit their potential damage award, which is required in the Fifth Circuit when the injuries described facially appear to place a greater amount in controversy. *DeAgular v. Bowing Co.*, 47 F. 3d 1404 (5th Cir. 1995). As stated by the *DeAgular* court, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints." *DeAgular*, supra, quoting *In re Shell Oil Co.*, 970 F. 2d 355, 356 (7th Cir. 1992).

43. Furthermore, plaintiffs filing suit in Louisiana state courts allege an indeterminate amount of damages, unless they affirmatively renounce their right to recover damages in excess of $75,000. *Jacobs v. Dun & Bradstreet, Inc.*, WL 211098, *2 (E.D. La. 1/27/09); *Levith v. State Farm Fire & Cas. Co.*, 2006 WL 2947906, *2 (E.D. La. 10/11/06). In the absence of specific allegations that the amount in controversy is less than $75,000, the items of damages alleged by a plaintiff are factors that generally weigh in favor of finding the facially apparent test satisfied. *Jeffcoats v Rite-Aid Pharmacy*, 2001 WL 1561803, *3 (E.D. La. 12/6/01). For these reasons, defendants submit that the amount in controversy reasonably exceeds $75,000 and this court is vested with subject matter jurisdiction over the action pursuant to 28 USC 1332.

44. For these reasons, Defendant submits that the amount in controversy requirement is satisfied, and that Plaintiffs have the burden to demonstrate "to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938); See Also Marcel v. Pool Co., 5 F.3d 81, 84 (5th Cir. 1993).

45. A copy of this Notice of Removal is being served upon Plaintiffs.

46. A copy of the Notice to the Clerk of Court for the 9th Judicial District Court for the Parish of Rapides, State of Louisiana, which has been filed in that Court, is attached hereto as **(Exhibit "C")**.

47. In compliance with the requirements of 28 U.S.C. § 1446(b)(2), "all Defendants properly joined and served" have consented in the removal of this action. Please see Exhibit 1 to Exhibit D with authorized Consent to Removal from Cassandra Arnold.

48. Defendant will hereafter file such other additional documents and pleadings as may be required by 28 U.S.C. § 1447(b), or any Local Rule or other law or rule.

49. Defendant reserves and maintains their rights to assert any defenses and submit any motions in response to the Petition, including but not limited to those defenses and motions specifically and enumerated in Rule 12(b) of the Federal Rules of Civil Procedure, any other Rule and any other applicable law or rule.

**WHEREFORE**, Defendant, ACE Property and Casualty Insurance Company (now known as "Chubb Insurance"), hereby provide notice that this action is duly removed.

Respectfully submitted,

/s/ Michael B. Guerry
Dean M. Arruebarrena (T.A.) - #24283
E-mail: darruebarrena@leakeandersson.com
Michael B. Guerry - #37145
E-mail: mguerry@leakeandersson.com
**LEAKE & ANDERSSON, L.L.P.**
1100 Poydras Street, Suite 1700
New Orleans, LA 70163-1701
Tel: 504/585-7500
Fax: 504/585-7775
**ATTORNEYS FOR DEFENDANT ACE PROPERTY & CASUALTY INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been served electronically via the Court's Electronic Case Filing (ECF) System, or via U.S. Mail, first class, postage prepaid, facsimile or hand delivery in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on the following counsel of record on the 13th day of July, 2022:

Richard D. Roniger, II - #28984  
Robert P. Charbonnet, Jr. - #21523  
Graham J. Rees - #35971  
James S. Rees, IV - #34720  
501 Clearview Parkway  
Metairie, Louisiana 70001  
Telephone: (504) 888-2227  
Facsimile: (225) 456-3469  

                                        */s/ Michael B. Guerry*  
                                        Michael B. Guerry #37145