b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **ROBERT O'HARA, ET AL.,** Plaintiffs | **CIVIL DOCKET NO. 1:22-CV-02090** |
| **VERSUS** | **DISTRICT JUDGE JOSEPH** |
| **ACE PROPERTY & CASUALTY INSURANCE CO., ET AL.,** Defendants | **MAGISTRATE JUDGE PEREZ-MONTES** |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand filed by Plaintiffs Robert O'Hara ("O'Hara"), Joshua Reppel ("Reppel"), and Jennifer Reppel Toups ("Toups"). ECF No. 7. Because Plaintiffs have not met the exceptional circumstances test for abstention in this case, their Motion to Remand (ECF No. 7) should be DENIED.

## I.   Background

Plaintiffs O'Hara, Toups, and Reppel filed this lawsuit in the Louisiana 9th Judicial District Court in Rapides Parish, asserting wrongful death and survival actions against Cassandra Arnold ("Arnold"), ACE Property and Casualty Insurance Company ("ACE"), and BXT, Inc. ("BXT"), and seeking damages arising from a motor vehicle accident. ECF No. 1-2.

The accident was a collision between Arnold, who was driving an 18-wheel truck for her employer, BXT, and Maximillian Reppel, who was driving a Toyota Tacoma. Arnold's truck was insured by ACE. Plaintiffs are Maximillian Reppel's children and heirs. ECF Nos. 1, 7-1.

Defendant ACE contends it is "now known as" Chubb Insurance ("Chubb"). Defendant ACE/Chubb removed on the basis of diversity.  ECF No. 1-3.

Plaintiffs filed a Motion to Remand (ECF No. 7), which Defendants oppose (ECF No. 9).

## II.    Law and Analysis

Plaintiffs contend there is a parallel action in state court that was filed by Arnold against Maximillian Reppel and his insurer, Geico ("the Arnold Suit"). Although Defendants removed this case to federal court, Arnold's action remains in state court.

Plaintiffs argue that, pursuant to the "*Colorado River–Moses H. Cone* Abstention Doctrine," this Court should abstain from exercising jurisdiction over this suit to avoid piecemeal litigation and inconsistent results.  Plaintiffs contend the Arnold Suit is a parallel state court proceeding that involves the same accident between the same drivers (with their insurers) and the same issues of fault and liability.

### A.    Grounds for abstention and the exceptional circumstances test.

"Abstention from the exercise of federal jurisdiction is the exception, not the rule.  The doctrine of abstention, under which a district court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only

in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 14 (U.S. 1983) (quoting *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813 (1976)).

Federal courts have an obligation to exercise the jurisdiction conferred on them by Congress, but a district court can abstain from the assumption of jurisdiction over a suit in exceptional circumstances. *Colorado River Water Conservation District,* 424 U.S. at 818-820. Abdication of the obligation to decide cases can be justified only in the exceptional circumstance where an order to the parties to repair to the State court would clearly serve an important countervailing interest. *Id.* at 813.

There are three bases for abstention from the exercise of federal jurisdiction: (1) in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law; (2) where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; and (3) where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings. *See Colorado River Water Conservation District*, 424 U.S. at 813-16. None of these bases are applicable in this case—there are no constitutional

issues involved; there are no state policy problems of public import at issue; and there are no state criminal proceedings involved.

Absent meeting one of these categories for abstention, the Court must still consider exceptional circumstances test set forth in *Colorado River Water Conservation District*, 424 U.S. at 817; *see also Moses H. Cone Memorial Hospital*, 460 U.S. at 16; *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286 (1995). The *Colorado River* exceptional circumstances test applies in cases that do not involve a declaratory judgment.[1]  *See Moses H. Cone Memorial Hospital*,  460 U.S. at 14 (citing *Colorado River Water Conservation District*, 424 U.S. at 813).

The circumstances permitting the dismissal of a federal suit pursuant to *Colorado River's* "exceptional circumstances test" are limited.  *See Colorado River Water Conservation District*, 424 U.S. at 818; *see also Moses H. Cone Memorial Hospital*,  460 U.S. at 16; *see also Wilton,* 515 U.S. at 286.  "For example, the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts."  *Colorado River Water Conservation District*, 424 U.S. at 818; *Moses H. Cone Memorial Hospital*,  460 U.S. at 16.  A  federal court may also

---

[1] When an action involves coercive relief, the district court must apply the abstention standard set forth in *Colorado River.*  "Coercive relief" is defined as judicial relief, either legal or equitable, in the form of a personal command to the defendant that is enforceable by physical restraint.  *See Massachusetts Bay Insurance Co. v. Lewis*, 2011 WL 1261145, at *5 (M.D. La. 2011) (citing *Black's law Dictionary* (9th ed. 2009)); *see also Nationwide Property & Casualty Insurance Co. v. Polk,*  2015 WL 420224, at *1 (S.D. Miss. 2015).  Coercive relief includes suits seeking injunctions as well as suits seeking damages.  *See Chaffee McCall, L.L.P. v. World Trade Center of New Orleans,* 2009 WL 322156, at *5 (E.D. La. 2009).

consider such factors as: the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by the concurrent forums. *Colorado River Water Conservation District*, 424 U.S. at 818. No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required. *Colorado River Water Conservation District*, 424 U.S. at 818-19. Only the clearest of justifications will warrant dismissal. *Colorado River Water Conservation District*, 424 U.S. at 819.

     **B.**    <u>**This case also does not meet the exceptional circumstances test for abstention.**</u>

"Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction. . . .'" *Colorado River Water Conservation District*, 424 U.S. at 817 (citing *McClellan v. Carland*, 217 U.S. 268, 282 (1910)).

"A *Colorado River* abstention analysis begins with a heavy thumb on the scale in favor of exercising federal jurisdiction, and that presumption is overcome only by 'exceptional circumstances.'" *Aptim Corporation v. McCall,* 888 F.3d 129, 135 (5th Cir. 2018) (citing *Stewart v. Western Heritage Insurance Co.*, 438 F.3d 488, 491 (5th Cir. 2006)). "Federal courts have a 'virtually unflagging obligation ... to exercise the jurisdiction given them.'" *Aptim Corporation,* 888 F.3d at 135 (citing *Colorado River Water Conservation District*, 424 U.S. at 817). "Even so, a court may choose to

abstain, awaiting the conclusion of state-court proceedings in a parallel case, based on principles of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id.*

"As an initial step prior to application of the *Colorado River* factors," this Court must consider whether the state and federal proceedings "are sufficiently parallel to make consideration of abstention proper." *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 (5th Cir. 2014). The Fifth Circuit has "identified parallel actions as those 'involving the same parties and the same issues.'" However, it has also noted that "'there need not be applied in every instance a mincing insistence on precise identity' of the parties and issues." *African Methodist Episcopal Church*, 756 F.3d at 797 (quoting *RepublicBank Dallas National Association v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987)).

"'Parallel actions' typically involve the same parties, but the identity of the parties is not determinative." *Air Evac EMS, Incorporated v. Texas, Department of Insurance, Division of Workers' Compensation,* 851 F.3d 507, 520 (5th Cir. 2017) (citing *African Methodist Episcopal Church*, 756 F.3d at 797). "Instead, a court may a 'look both to the named parties and to the substance of the claims asserted' to determine whether the state proceeding would be dispositive of a concurrent federal proceeding." *Id.* If the matters are deemed parallel, the court must engage in a six-factor balancing test, but "with the balance heavily weighted in favor of the exercise of [federal] jurisdiction". *Air Evac EMS, Incorporated,* 851 F.3d at 521 (citing *Moses*

*H. Cone Memorial Hospital*, 460 U.S. at 16); *see also Kelly Investment, Inc. v. Continental Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002).

The same parties are involved in both actions. The Arnold Suit and this action both involve the same primary parties–the parties to the accident, Arnold and the heirs of Maximillian Reppel, as well as their insurers, and the same issues of fault and liability for the accident.[2]

The only apparent difference between the suits is that BXT, Arnold's employer, may be named in this action only.[3] However, BXT has never been served. Therefore, BXT is not a party in this action.

The same issues appear to be involved in both action–apportionment of fault and liability, and damages. Therefore this action is parallel to the Arnold Suit in state court.

This Court and the Louisiana state court have concurrent jurisdiction over this dispute. A court may abstain from a case that is part of parallel, duplicative litigation typically only under "exceptional" circumstances. *See Kelly Investment, Inc.*, 315 F.3d at 497 (citing *Colorado River Water Conservation District,* 424 U.S. at 818). "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation District*, 424 U.S. at 813.

---

[2] Depending on apportionment of fault, the insurers of either Arnold or Maximillian Reppel could be liable in either action.

[3] The court has not been apprised of the specific parties named in the Arnold Suit.

"This equitable decision balances the strong federal interest in having certain classes of cases, and certain federal rights, adjudicated in federal court, against the State's interests in maintaining uniformity in the treatment of an essentially local problem, and retaining local control over difficult questions of state law bearing on policy problems of substantial public import." *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 728 (1996) (citations omitted). This balance only rarely favors abstention, and the power to dismiss represents an "'extraordinary and narrow exception to the duty of the District Court to adjudicate a controversy properly before it.'" *Quackenbush,* 517 U.S. at 728 (quoting *Colorado River Conservation Water District,* 424 U.S. at 813).

In making the determination of whether "exceptional circumstances" exist that allow abstention in deference to pending state court proceedings, the United States Supreme Court has identified six relevant factors:

> (1) assumption by either court of jurisdiction over a *res*;
> (2) relative inconvenience of the forums;
> (3) avoidance of piecemeal litigation;
> (4) the order in which jurisdiction was obtained by the concurrent forums;
> (5) to what extent federal law provides the rules of decision on the merits; and
> (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*See Moses H. Cone Memorial Hospital.,* 460 U.S. at 15-16 (citing *Colorado River Conservation Water District,* 424 U.S. at 818-19); *Kelly Investment, Inc.*, 315 F.3d at 497 (citing *Diamond Offshore Co. v. A & B Builders, Inc.,* 302 F.3d 531, 540 n. 6 (5th

Cir.2002)).[4]  The decision of whether to abstain "does not rest on a mechanical checklist" of these factors, but rather "on a careful balancing of [them] as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Memorial Hospital,* 460 U.S. at 16.

## 1. The first factor - assumption by either court of jurisdiction over a r*es* — weighs against abstention.

"[O]nce a court, state or federal, has assumed jurisdiction over an *in rem* or quasi *in rem* proceeding, then that court may exercise its jurisdiction to the exclusion of any other court[,] and the *res* in question is withdrawn from the jurisdiction of any other court." *African Methodist Episcopal Church*, 756 F.3d at 798–99. "[I]n *Moses Cone,* the Court considered the absence of this first *Colorado River* factor to speak against abstention." *Evanston Insurance Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988) (citing *Moses H. Cone Memorial Hospital,* 460 U.S. at 938-39).

This case does not involve a property dispute.  This court has not assumed jurisdiction over a *res* or any property, and there is no evidence that the state court has, either.  Therefore, this factor weighs against abstention.

## 2. The second factor - inconvenience of the federal forum — weighs against abstention.

The next factor to be considered is the relative inconvenience of this Court over the state court.

---

[4] Overruled on other grounds by *Grand Isle Shipyard, Inc. v. Seacor Marine, L.L.C.*, 589 F.3d 778 (5th Cir. 2009), cert. den., 560 U.S. 952 (2010).

Inconvenience of the federal forum should be analyzed as to "whether the inconvenience of the federal forum is so great" that abstention is warranted. *Evanston Insurance Co. v. Jimco, Inc.,* 844 F.2d 1185, 1192 (5th Cir. 1988). This factor "primarily involves the physical proximity of [each] forum to the evidence and witnesses." *African Methodist Episcopal Church*, 756 F.3d at 800. The Court in *Moses Cone* clarified the inconvenience factor: the question is *not* whether the federal forum is inconvenient, but rather whether there is "any contention that the federal forum was any less convenient to the parties than the state forum." *Evanston Insurance Co.,* 844 F.2d at 1192.

Because the two courts are one short city-block in distance from one another, the federal court is not less convenient to the parties than the state court. Therefore, this factor weighs against abstention.

### 3. The third factor – avoidance of piecemeal litigation – weighs against abstention.

"The prevention of duplicative litigation is not a factor to be considered in an abstention determination." *Black Sea Investment, Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000). "*Duplicative* litigation, wasteful though it may be, is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction. The real concern at the heart of the third *Colorado River* factor is the avoidance of *piecemeal* litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property.

When, . . . no court has assumed jurisdiction over a disputed *res*, there is no such danger." *Black Sea Investment, Ltd.*, 204 F.3d at 651; *see also African Methodist Episcopal Church*, 756 F.3d at 800.

Because this case does not involve a property dispute, there is no danger of piecemeal litigation.  Therefore, this factor weighs against abstention.  *Compare Black Sea Investment, Ltd.*, 204 F.3d at 651.

### 4. The fourth factor - order in which jurisdiction was obtained by the concurrent forums – weighs in favor of abstention.

Both cases were originally filed in state court by their respective plaintiffs. One of the insurer-defendants removed this case to federal court.

"[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions". *Moses H. Cone Memorial Hospital,* 460 U.S. at 21.   "[T]his factor only favors abstention when the federal case has not proceeded past the filing of the complaint." *Stewart,* 438 F.3d at 492–93; *see also Nationstar Mortgage L.L.C. v. Knox*, 351 Fed. Appx. 844, 852 (5th Cir. 2009); *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999) (citing *Colorado River Water Conservation District,* 424 U.S. at 820).

There has been no substantial progress in the federal-court litigation.   No answer has been filed and no scheduling order has been issued.[5]

---

[5] The parties have not updated the Court on the status of the state court litigation.

Due to the lack of proceedings in the federal case, the order-of-filing factor weighs in favor of abstention.

### 5. The fifth factor - to what extent federal law provides the rules of decision on the merits - is neutral.

The fifth factor, whether and to what extent federal law controls the merits decision, is neutral. It can only be neutral or weigh against abstention. It cannot weigh in favor of abstention. *See African Methodist Episcopal Church*, 756 F.3d at 801; *see also Black Sea Investment, Ltd.*, 204 F.3d at 651 (citing *Evanston Insurance Co.*, 844 at 1193) ("[In] rare circumstances . . . the presence of controlling issues of Louisiana law might make abstention appropriate."). "[T]he presence of federal-law issues must always be a major consideration weighing against surrender." *Moses H. Cone Memorial Hospital,* 460 U.S. at 26; *Nationstar Mortgage L.L.C.*, 351 Fed. Appx. at 852.

This case involves a motor vehicle accident that occurred in the State of Louisiana. Louisiana state law provides the causes of action and will govern the decisions as to fault and damages. Although this case involves only issues arising under Louisiana law, the United States Fifth Circuit Court of Appeals has assessed such cases as "at most neutral" under the fifth factor. *See African Methodist Episcopal Church*, 756 F.3d at 800-01. Therefore, this factor is neutral.

12

6.   **The sixth factor - adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction – is neutral.**

The sixth factor, adequacy of the state proceedings to protect AME's rights, can only be neutral or weigh against abstention.  It cannot weigh in favor of abstention.  *See African Methodist Episcopal Church*, 756 F.3d at 801; *see also Black Sea Investment, Ltd.*, 204 F.3d at 651 (citing *Evanston Insurance Co.*, 844 at 1193) ("[In] rare circumstances . . . the presence of controlling issues of Louisiana law might make abstention appropriate.").

State proceedings in this case would be adequate to construe the causes of action and legal defenses arising under state law in this case and protect the rights of ACE/Chubb.  Therefore, this factor is neutral.

7.   **The factors of the exceptional circumstances test weigh against abstention.**

Three factors weigh against abstention, two are neutral, and only one – the order in which jurisdiction was obtained - favors abstention.  The factors in this case do not overcome the "extraordinary and narrow exception" to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Stewart*, 438 F.3d at 493 (quoting *Colorado River Water Conservation District*, 424 U.S. at 814).  Because abstention is prohibited by *Colorado River*, Plaintiffs' Motion to Remand (ECF No. 7) should be denied.

### III.    Conclusion

Based on the foregoing, IT IS RECOMMENDED that Plaintiffs' Motion to Remand (ECF No. 7) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this ____20th___ day of  July 2023.

Joseph H.L. Perez-Montes
United States Magistrate Judge

14